UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KOSTMAYER CONSTRUCTION, L.L.C.       *      CIVIL ACTION

versus                                 *      NO. 07-7814

M.R. PITTMAN GROUP, L.L.C.          *      SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand on the ground that the Court lacks federal question jurisdiction. Additionally, the plaintiff requests costs and expenses incurred as a result of removal. For the reasons that follow, the motion to remand is GRANTED and the plaintiff's request for costs and expenses is DENIED.

Background

This suit involves a payment dispute between a prime contractor (Pittman) and its subcontractor (Kostmayer) arising out of their subcontract to repair a floodgate and other structures in Louisiana that Katrina damaged.

On February 5, 2006, Pittman, having entered into a prime contract with the U.S. Army Corps of Engineers, hired Kostmayer to perform work on the Corps' floodgate project in Empire, Louisiana. The Subcontract provided:

> It is the basic intent of this contract to have Kostmayer Construction, LLC to provide turn-key construction services relative to the Demolition and Disposal of the Existing

1

> Guidewalls and Boat Dock being replaced,
> Installation of the New Timber Guidewalls and
> Boat Dock...and possible salvage of the
> existing needle girders, the possible cleaning
> of the existing needle girders (if found and
> deemed acceptable by the USA COE) and the
> complete dewatering of the existing floodgate
> structure....

The Subcontract also provided that it "will be interpreted in accordance with and governed by the law of the State of Louisiana."

On October 7, 2007, Kostmayer sued Pittman in state court, alleging that Pittman breached the Subcontract by modifying the scope of the project and by submitting pay requests to the U.S. Army Corps of Engineers for additional work and services by Kostmayer, but for amounts less than that claimed by Kostmayer. In an amended petition, Kostmayer added that Pittman is liable to Kostmayer for breach of contract under Louisiana law.

Pittman timely removed the suit to this Court, asserting that a federal question is raised because resolution of Kostmayer's claims depends on the interpretation and enforcement of Federal Acquisition Regulations. Kostmayer now moves to remand the case to the 25th Judicial District for the Parish of Plaquemines, asserting that it has only pleaded state law claims; Kostmayer also requests an award of costs, expenses, and attorney's fees.

I.

Whether Pittman's removal of Kostmayer's suit was proper turns on the following issue: whether application of federal regulations in a dispute involving a subcontract on a federal construction

project raises a sufficiently substantial federal issue so as to invoke federal question jurisdiction?  For the reasons that follow, the Court finds that the answer in this case is "no."

    A.  Standard for Removal

    A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case, that is, if the plaintiff could have brought the action in federal court from the outset.  See 28 U.S.C. § 1441(a).  Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction.  See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993), cert. denied, 510 U.S. 868, 114 S. Ct. 192, 126 L.Ed.2d 150 (1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  Any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.  See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

    B.  Federal Question Jurisdiction

    The defendant bases removal on 28 U.S.C. § 1441(b);[1] federal

----

[1] Section 1441(b) provides:

        Any civil action of which the district courts have original jurisdiction founded on a claim or

district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 29 U.S.C. § 1331.  The parties agree that no diversity jurisdiction exists in this case.  Accordingly, the case is removable only if the suit raises a federal question.

    1.  The Well-Pleaded Complaint Rule

Whether a claim "arises under" federal law is determined by reference to the allegations of the well-pleaded complaint.  <u>See</u> <u>Merrell Dow Pharm. Inc. v. Thompson</u>, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (citing <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 9-10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)); <u>see</u> <u>also</u> <u>Howery v. Allstate Ins. Co.</u>, 243 F.3d 912, 916 (5th Cir. 2001).  The federal question must appear on the face of the complaint.  <u>See</u> <u>Tores v. Southern Peru Copper Corp.</u>, 113 F.3d 540, 542 (5th Cir. 1997) (citations omitted).

"The fact that a federal defense may be raised to the plaintiff's action -- even if both sides concede that the only real question at issue is created by a federal defense -- will not suffice to create federal question jurisdiction."  <u>See</u> <u>Aaron v. Nat'l Fire Ins. Co. of Pittsburgh</u>, 876 f.2d 1157, 1161 (5th Cir. 1989)(citing <u>Franchise Tax Bd.</u>, 463 U.S. at 12); <u>see</u> <u>also</u> <u>Gully v.</u>

_____

        right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties....

First Nat'l Bank, 299 U.S. 109, 111, 57 S.Ct. 96, 97, 81 L.Ed. 70
(1936) (a defendant may not remove a case on the basis of an
anticipated or even inevitable federal defense but instead must
show that a federal right is "an element, and an essential one, of
the plaintiff's cause of action").   Finally, it is settled that
"[j]urisdiction may not be sustained on a theory that the plaintiff
has not advanced."   Merrell Dow Pharm, Inc. v. Thompson, 478 U.S.
804 n.6, 106 S.Ct. 3229, 3233, n.6, 92 Led.2d 650 (1986).

        Pittman concedes that Kostmayer's petition "does not make any
mention of federal law."  That is obvious.  Kostmayer charges that
Pittman breached the Subcontract by failing to pay Kostmayer for
its additional work on the lock repair project.[2]   Alternatively,
if the Court determines that the parties reached no agreement for
additional work, Kostmayer charges that Pittman is entitled to
payment under principles of quasi-contract, unjust enrichment, or
quantum meruit.

        On its face, the petition does not mention or implicate
federal law; it simply asserts state law breach of contract and
quasi-contract claims.  It is clear, then, that the plaintiff's
claims are not created by federal law.  But Pittman nonetheless

---

        [2] Kostmayer says that Pittman failed to request from the Army
Corps of Engineers the full amount of compensation owed for
Kostmayer's additional work and services.  If the Court determined
that the parties reached no agreement on the price element for the
additional work under the Subcontract, Kostmayer asserts that the
Court may supply the missing element of price.

contends that a federal question is presented because, according to Pittman, federal regulations will be applied in the course of resolving the parties' dispute.

2.   Substantial Federal Question Doctrine

A determination that Louisiana law creates the plaintiff's contract claims does not end the federal question jurisdictional inquiry.  To the contrary, there is "another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction, [which] lie[s] over state-law claims that implicate significant federal issues."  See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 125 S.Ct. 2363, 2368, 162 L.Ed.2d 257 (2005) (noting that federal question jurisdiction is most often invoked by plaintiffs pleading a cause of action created by federal law); see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855, 77 L. Ed. 2d 420 (1983) (A federal court has jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law").

As noted, Kostmayer's right to relief does not arise from any federally-created cause of action.  Pittman maintains, however, that the dispute cannot be resolved without reference to the Federal Acquisition Regulations.  But this, without more, does not

confer federal question jurisdiction:   Even though the Court
ultimately may consult federal regulations in the course of
resolving the dispute, the plaintiff's right to relief does not
necessarily depend on the resolution of a substantial question of
federal law.

As courts of limited jurisdiction, it is doctrine that "[t]he
mere presence of a federal issue in a state cause of action does
not automatically confer federal-question jurisdiction." Merrill
Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 813, 106 S.Ct.
3229, 3235, 92 L.Ed.2d 650 (1986) (citation omitted).   And the
Fifth Circuit has similarly recognized that "a claim does not arise
under the law of the United States pursuant to either sections 1331
or 1337 if the relief sought is based entirely upon a state cause
of action in which the regulations established by federal statute
are used merely as evidence of the right to recover under state
law." See Till v. Unifirst Federal Savings and Loan Assoc., 653
F.2d 152, 156 n.2 (5th Cir. 1981) (citations omitted)..

By arguing that this Court has Section 1331 jurisdiction over
Kostmayer's state law claims, Pittman appears to be invoking the
theory of Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,
545 U.S. 308, 125 S.Ct. 2363, 2368, 162 L.Ed.2d 257 (2005), where
the Supreme Court confirmed the equally obvious doctrine that an
action containing "an important issue of federal law" may establish
federal jurisdiction in limited instances.   Id. at 2367 ("The

7

doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law....").[3] Pittman is not persuasive because Grable establishes only a narrow exception to the well-pleaded complaint rule.  See Empire Healthchoice Assur., Inc. v. McVeigh, —U.S.—, —, 126 S.Ct. 2121, 2137, 165 L.Ed.2d 131 (2006) (noting that only a "slim category" of

_____

[3] The Supreme Court in Grable framed the issue:

> [D]oes a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[?]

In Grable, the plaintiff filed a quiet title action in state court, alleging that the defendant's title was invalid; the defendant removed the case to federal court.  125 S.Ct. at 2366.  The plaintiff was required by Michigan state court rule to recite the facts that establish the superiority of its claims to the property; Grable, the plaintiff, "premised its superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law."  Id. at 2366.  The Supreme Court recognized that, whether the plaintiff "was given notice within the meaning of a federal statute [was] an essential element of its quiet title claim, and the meaning of the federal statute [was] actually in dispute...."  Id.  In determining that federal question jurisdiction existed, the Supreme Court observed that "the meaning of the federal tax provision is an important issue of federal law that sensibly belongs in federal court[,]" especially in light of the government's interest in the "'prompt and certain collection of delinquent taxes,'" and the IRS' need for certainty in notice requirements to provide buyers of seized property assurance that the IRS has taken all steps required to convey good title.  Id. (quoting United States v. Rodgers, 461 U.S. 677, 709, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983)).

cases will satisfy the Grable paradigm); see also Grable, 125 S.Ct. at 2368 (observing that "because it will be the rare state title case that raises a contested matter of federal law, federal jurisdiction to resolve genuine disagreement over federal tax provisions will portend only a microscopic effect on the federal-state division of labor").   To give Grable a more extensive reach would be to diminish our notions of federalism.

Kostmayer seeks recovery under the terms of the Subcontract for the extra work it performed, and based on principles of state contract law, or alternatively quasi-contract principles. Kostmayer, importantly, does not urge any particular reading of federal law in support of its claim.   "[F]ederal question jurisdiction exists," the High Court continued, "only when a 'state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."   Grable, 545 U.S. at 314.[4]

---

[4] Pittman recites the following standard articulated by the Fifth Circuit in Howery v. Allstate Ins. Co., 243 F.3d 912, 917 (5th Cir. 2001), and concludes that federal jurisdiction lies:

> Under [Gully v. First Nat'l Bank in Meridian, 299 U.S. 109 (1936)] and [Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1 (1983)], the complaint...creates federal question jurisdiction when it states a cause of action created by state law and (1) a federal right is an essential element

Pittman urges that Kostmayer's claim rests solely on the Federal Acquisition Regulations.  But the mere presence of a federal issue "does not automatically confer federal-question jurisdiction." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 813 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).  Indeed, the Supreme Court has firmly noted that it has "sh[ied] away from the expansive view that mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door." Grable, 545 U.S. at 313.

Although Pittman invokes several provisions of the prime contract that incorporate provisions of the Federal Acquisition Regulations, Pittman does not identify which provisions are disputed, let alone how any dispute is substantial.[5]  Federal

_____

       of the state claim,
  (2)  interpretation  of the federal right is
       necessary to resolve the case, and
  (3)  the  question  of  federal  law  is
       substantial.

This standard, though pre-Grable, is consistent with its teachings; Pittman falls short of showing that the test is met on this record.

    [5] Pittman urges that -- although the petition does not mention any federal law -- Kostmayer "makes claims that will be based on federal law."  By virtue of the provisions of the Subcontract (and the prime contract), Pittman insists that the following procedure must be followed:  Kostmayer must first make a claim upon Pittman under FARs.  48 C.F.R. 52.236.1, et seq.  Pittman must then make a claim with the Corps under the FARs.  Finally, says Pittman, to the extent Pittman's claim is not granted by the Corps, pursuant to its contract with Kostmayer, Kostmayer's claim against Pittman would be denied.  Pittman's position is the mirror-image of a defendant trying to create federal jurisdiction by the assertion of a federal law defense.

jurisdiction is limited, and the threshold to invoke it is more demanding than Pittman acknowledges. Id. ("[i]t has become a constant refrain...that federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum"). Accordingly, the Court rejects the position that Kostmayer's petition "necessarily raises a federal issue." And to the extent Pittman purports to rely on the Federal Acquisition Regulations as a defense to the plaintiff's suit, that would be insufficient to confer federal question jurisdiction.[6]

As another Section of this Court has noted,

> [i]nterpretation of a contract under state law will often involve events, parties, and issues that are otherwise the subject of federal regulation. A mere tangential relationship to the federal policy cannot be sufficient to bring these claims into federal court.

Sanchez v. State Farm Ins. Co., No. 06-8483, 2007 WL 69539, at *4 (E.D. La. Feb. 22, 2007) (Vance, J.). Other Sections of this Court, and other federal district courts, have also "repelled attempts to peg federal jurisdiction on [Grable's] holding, often because the federal issue allegedly implicated was not "disputed and substantial." See id. (finding no federal question jurisdiction where insurer failed to explain how the court would be

---

[6] "The fact that a federal defense may be raised to the plaintiff's action will not suffice to create federal question jurisdiction." See Aaron v. Nat'l Fire Ins. Co. of Pittsburgh, 876 F.2d 1157, 1161 (5th Cir. 1989) (citation omitted).

forced to interpret the NFIA to decide case where plaintiffs, who asserted recovery only under Louisiana law against their homeowner's insurer, did not urge any particular reading of federal law in support of their claims); <u>see also</u> <u>J&P Drugs, Inc. v. Continental Casualty Ins. Co.</u>, No. 06-5623, 2007 WL 458210 (E.D. La. Feb. 7, 2007) (Engelhardt, J.) (same); <u>Accardo v. Lafayette Ins. Co.</u>, No. 06-8568, 2007 WL 325368 (E.D. La. Jan. 30, 2007) (Vance, J.) (same); <u>Seruntine v. State Farm Fire & Casualty Co.</u>, 444 F. Supp. 2d 698 (E.D. La. 2006) (claims relating to flood policy procurement did not arise under federal law so as to be removable); <u>McCormick v. Excel Corp.</u>, 413 F. Supp. 2d 967, 970 (E.D. Wis. 2006) (the meaning of the crucial term in a federal regulation had already been decided); <u>Samuel Trading, LLC v. Diversified Group, Inc.</u>, 420 F. Supp. 2d 885, 892 (N.D. Ill. 2006)(though the case might contain a dispute over federal law, the dispute was not substantial because it did not affect the plaintiff's right to relief); <u>cf.</u> <u>Florida Marine Transporters, Inc. v. Trinity Marine Products, Inc.</u>, No. 02-1902, 2002 WL 31246765 (E.D. La. Oct. 4, 2002) (decided before Grable, noting that "[w]hile the Court may find it necessary to examine [United States Coast Guard] rules and regulations..., it is well-established that '[t]he mere fact that a court necessarily must interpret federal law ... to determine the merits of a claim is insufficient to confer federal jurisdiction'") (citing cases).

12

Mindful and respectful of the limits of federal jurisdiction,[7] and the defendant's burden on removal, the Court finds that it lacks subject matter jurisdiction over this suit. "[I]t takes more than a federal element 'to open the 'arising under' door'" Empire Healthchoice Assur., Inc. v. McVeigh, —U.S.—, —, 126 S.Ct. 2121, 2137, 165 L.Ed.2d 131 (2006) (quoting Grable, 545 U.S. at 313, 123 S.Ct. 2363).

Mere application of federal regulations in ferreting out a resolution of this dispute does not transform this otherwise state law contract action into a federal one.[8]   Accordingly, the

---

[7] Pittman's position is further undermined by the reality of federalism concerns, as acknowledged in Grable, when the Supreme Court cautioned that "there must always be an assessment of any disruptive portent in exercising federal jurisdiction." Grable, 545 U.S. at 314 (noting that "arising-under jurisdiction to hear a state-law claim always raises the possibility of upsetting the state-federal line drawn (or at least assumed) by Congress, [such that] the presence of a federal issue and the ostensible importance of a federal forum are never necessarily dispositive"). Unlike Grable, where it was "the rare state title case that raises a contested matter of federal law, [as] federal jurisdiction to resolve genuine disagreement over federal tax provisions will portend only a microscopic effect on the federal-state division of labor" (id.), here, the Court credits Kostmayer's observation that a finding of removal jurisdiction in this case would effectively open the federal court door for any state law breach of contract claim where the contract makes reference to some federal regulation, or happens to be a subcontract of a prime contract with a federal agency. The Court further notes that Congress has not provided a federal cause of action between contractors for violation of FARs, with the exception of the Miller Act, 40 U.S.C. § 3131, which is not implicated here.

[8] In C&H Contracting of MS, LLC v. Lakeshore Engineering Services, Inc., the Southern District of Mississippi reached the same conclusion on nearly identical facts. No. 07-700, 2007 WL

13

plaintiff's motion to remand is GRANTED.

II.

Kostmayer requests reasonable costs and attorney's fees incurred as a result of the removal, under 28 U.S.C. § 1447(c).

The propriety of removal is central to the determination whether to impose fees. <u>See</u> <u>Miranti v. Lee</u>, 3 F.3d 925, 928 (5th Cir. 1993); <u>Ferguson v. Security Life of Denver Insurance Co.</u>, 996 F.Supp. 597, 604 (N.D. Tex.), <u>aff'd</u>, 162 F.3d 1160 (5th Cir. 1998) (Table).  The Supreme Court recently explained in <u>Martin v. Franklin Capital Corp.</u>, 126 S.Ct. 704, 711 (2005), that "the standard for awarding fees should turn on the reasonableness of the removal."   Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. <u>Id.</u>

In support of this request, Kostmayer contends that the caselaw, together with the Louisiana choice of law provision in the parties' subcontract, all demonstrate that Pittman lacked an

_____

2461017 (S.D. Miss. Aug. 24, 2007).  In that breach of contract suit, the defendants asserted that removal was proper because the contract incorporated the Federal Acquisition Regulations into the contract terms, and the plaintiff referenced the Prompt Payment Act in the complaint.  <u>Id.</u>  The district court determined that a substantial disputed federal issue was not raised; "[r]ather[,] the allegations of the Complaint employ federal regulations as a measuring rod with which the factfinder can gauge evidence of state-law claims of breach of contract...." <u>Id.</u> at *2.

objectively reasonable basis for removal.  The Court disagrees.

It certainly does not appear that Pittman's removal of this suit was in bad faith.  To the contrary, Pittman reasonably argued that the regulations applicable to the federal construction project were disputed and substantial to the point of invoking federal question jurisdiction.  Although the Court has disagreed with Pittman's contentions, it cannot be said that Pittman lacked an objectively reasonable basis for removal.  As Pittman notes in opposition to the request for fees, removability of this suit did not rest on the application of a bright line rule.  An award of costs, expenses, and attorneys fees is therefore inappropriate.

The plaintiff's motion to remand is GRANTED and the request for fees and costs is DENIED.  The case is hereby remanded to the 24th Judicial District Court for the Parish of Plaquemines.


New Orleans, Louisiana, December 19, 2007.


MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE